UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW COMBS,

        Plaintiff,        CASE NUMBERS: 12-10995
                                HONORABLE VICTORIA A. ROBERTS

v.

QUEST SPECIALTY COATING LLC,
d/b/a MATRIX SYSTEM AUTOMOTIVE
FINISHES,

        Defendant.
_____/

**<u>ORDER DENYING MOTION FOR SUMMARY JUDGMENT (DOC. #22)</u>**

**I.    INTRODUCTION**

Andrew Combs alleges that Quest Specialty Coating LLC ("Matrix") violated the Family Medical Leave Act ("FMLA") and Michigan's Persons with Disability Act, M.C.L. 37.1101, et seq., by interfering with medical leave related to an earlier approved FMLA request and firing him because he took FMLA time off.

Matrix says it fired Combs because of excessive absences. Matrix says that although it approved Combs for earlier FMLA leave, it had no knowledge that the absences which resulted in his termination were related to the earlier FMLA request.

Combs concedes to the dismissal of all claims except his interference with FMLA allegation.

Matrix's motion is **DENIED**; there are genuine issues of fact in dispute.

1

## II.     BACKGROUND

In February, 2011, Matrix granted Combs FMLA leave from February 2, 2011 until March 14, 2011, for surgery and recovery related to Combs' right knee.  Combs returned to work as scheduled with a four week restriction of "no standing greater than 3 hours without a break, no lifting greater than 25 pounds."  On April 11, 2011, Combs' doctor extended this restriction to April 25, 2011.

Combs says that when he returned to work, Matrix's human resources advisor told him that if he needed additional time off related to his knee surgery he need only bring in a physician's note.

During April, Combs requested time off for personal reasons.  Matrix did not approve the time; Combs took the days off anyway.  On May 4, 2011, Combs called off due to a knee appointment with his doctor.  Combs' medical records show that he complained of pain associated with his knee.  Combs testified he provided Matrix with a physician's note the following day; Matrix does not dispute this.

On May 9, 2011, Combs did not appear for work.  Combs says he called Matrix's call out line and left a message saying that his knee was hurting and he was going to the doctor.  Combs says he returned to work the next day with a physician's note; Matrix says it did not see a physician's note until November 5, 2012 -- at Combs' deposition.  Matrix also disputes that Combs called to report his absence and pain.

As a result of this absence, Matrix issued Combs a final written warning threatening termination.  The warning lists Combs' May 9 absence for medical leave, Comb's missed day for his May 4 doctor visit, the unexcused April days for personal reasons, and Combs' several late and early departures.

2

On July 5, 2011, Combs did not go to work. Combs says he was in pain and needed to see his doctor. He says he scheduled an appointment for the following day because there was no same day availability. Whether Combs called to report his absence and pain is disputed.

When Combs returned to work the next day, Matrix sent him home. That day, Combs did visit his doctor for pain issues related to his knee surgery. Combs' doctor submitted an affidavit that says in his opinion, Combs' July 5 pain was related to his initial surgery. On July 7, 2011, Combs was terminated for excessive absences.

Combs filed suit in state court alleging Matrix fired him because of his knee injury and interfered with his FMLA requests. Combs' amended complaint was removed to federal court. Combs filed a second, three count amended complaint alleging: Count I- FMLA Interference, Count II- FMLA Discrimination/ Retaliation, and Count III- Disability Discrimination under M.C.L. 37.1101, et seq.

Matrix filed a motion for summary judgment on all counts. Combs concedes to the dismissal of all claims except Count I, FMLA Interference.

## III.    STANDARD OF REVIEW

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). On a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A fact is material for purposes of summary judgment if proof of that fact would

have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

## IV. ANALYSIS

To establish an "interference claim" under the FMLA, a plaintiff must prove that (1) he was an eligible employee, (2) defendant was a covered employer, (3) he was entitled to leave under the FMLA, (4) he gave his employer notice of intent to take leave, and (5) the employer denied FMLA benefits or interfered with FMLA rights. *YHarris v. Metro Govt of Nashville & Davidson Cnty, Tenn.* 594 F2d 476, 482 (6th Cir 2010).

The only criteria in dispute are prongs three through five; Matrix does not dispute that it is an eligible employer and that Combs is a covered employee.

### 1. Entitlement of Leave

In one sentence of its one page argument entitled "Defendant did not interfere with Plaintiff's FMLA rights because he never requested further leave[,]" Matrix says that Combs has not established that "additional medical leave was necessary" because "no medical records support Combs' contention that he required intermittent medical leave."

Combs says there is a genuine dispute that his absences on May 6, May 9, and July 5 were related to his prior surgery.

Combs is correct. Under FMLA, a qualified employee is entitled to up to twelve weeks of leave during any twelve month period "[b]ecause of a serious health condition

4

that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves--(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." *Id.* § 2611(11).

Courts hold that if a later health condition, standing alone does not satisfy FMLA, a plaintiff may recover if he can show that the later condition has a causal connection to an earlier one. To do so a plaintiff:

> must first demonstrate a period of incapacity (i.e., the inability to work) for at least four consecutive days. Next he must show that he received subsequent treatment or had a period of incapacity, in which he was either seen at least two times by a health care provider . . . or obtained a regimen of continuing treatment under the supervision of a health care provider.

*Fritz v. Phillips Serv. Indus.,* 555 F. Supp. 2d 820, 832 ( E.D. Mich. 2008*)*(quoting *Murray v. Red Kap Indus., Inc.*, 124 F.3d 695, 698 (5th Cir. 1997)); see also, *Fink v. Ohio Health Corp.*, 139 Fed. Appx. 667, 670 (6th Cir. 2005).

"It is not enough to show merely a prior period of incapacity and subsequent treatment or incapacity; [rather, a plaintiff] 'must present some evidence to show that the absences involved continued, subsequent treatment or [a] period of incapacity relating to the"' earlier condition. *Id.* (quoting *Stiefel v. Allied Domecq Spirits & Wine U.S.A., Inc.*, 184 F. Supp. 2d 886, 891 (W.D. Ark. 2002)(citing *Caldwell v. Holland of Tex., Inc.*, 208 F.3d 671, 674 (8th Cir. 2000)).

There is little dispute: Combs' May 4, May 9 and July 5 treatments were related to his earlier FMLA leave. Comb's physician's note of May 4 shows that it was related to his knee surgery. This note is from the same doctor who provided short term

5

disability documentation in support of Combs' FMLA leave. Combs' medical records covering those time frames show that Combs complained of knee pain. On May 4 he described his pain as feeling like he is being "hit in the leg with a board," and he discussed surgery with his physician.

Matrix's blank assertion that Combs' May 9 and July 5 absences are not related to his earlier FMLA leave is a disputed fact.

Combs' medical records show that on May 9 he was treated by his doctor for the flu and pain associated with his prior knee surgery. Indeed, Combs' physician wrote a note instructing him not to return to work until May 11; the doctor placed him on a work restriction of "no lifting more than 20lb and standing for more than three hours out of the day." Because this is the same work restriction that Combs was placed on after returning to work from his surgery; a jury can decide if this treatment was a continuation of the earlier treatment.

Evidence supports that Combs' July 5 absence was related to his earlier FMLA leave. *Fritz* held that a plaintiff established a genuine issue in dispute in an FMLA case when he presented an affidavit from his doctor saying that the later condition was related to knee surgery performed two years prior. *Fritz*, 555 F. Supp. 2d at 823 -24.

Combs' physician's affidavit meets the *Fritz* standard. Combs' physician says that he saw Combs on July 6; and, in his opinion, Combs' July 5 pain was related to his knee surgery.

This is a fact in dispute that will be submitted to a jury.

**2. Notice**

While Matrix told Combs that if he needed additional FMLA leave to cover doctor

6

appointments and pain he need only bring it a physician's note, Matrix says it had no notice that the days resulting in Combs' termination were attributable to Combs' earlier FMLA request because Combs did not say so.

But, an employee "does not have to expressly assert [a] right to take leave as a right under the FMLA." *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 726 (6th Cir. 2003). "Indeed, an employee need not mention FMLA at all." *Fritz*, 555 F. Supp. 2d at 834 (citing *Walton v. Ford Motor Co.*, 424 F.3d 481, 486 (6th Cir. 2005); 29 C.F.R. § 825.303(b)). "All that is required is that the employee provide sufficient information to apprise the employer of his request to take time off for a serious health condition." *Id.* (citing *Walton*, 424 F.3d at 486; *Cavin*, 346 F.3d at 723-24.)).

Combs says he called in on May 4 because he had a medical appointment related to his knee surgery; Matrix agrees. It is also undisputed that Combs returned to work the next day and provided Matrix with a physician's note saying that he saw the doctor who treated his knee. Combs' physician's note could be deemed sufficient to put Matrix on notice.

Likewise, Combs fulfilled his burden and submitted facts that create a genuine dispute concerning his May 9 and July 5 absences. Combs' testimony is that on those days he called Matrix and informed it that he was having pain associated with his knee. Combs testified that when he returned to work on May 11 he gave Matrix a physician's note. And, Combs says that on July 6, he was fired before he could explain to Matrix that he had a doctor appointment and would provide a note for his absence as required. Matrix disputes receiving any note for either absence or any allegation that these absences were related to the knee injury until Combs' deposition.

Credibility determinations must be made that this Court cannot decide.

Combs is correct; if he provided Matrix with notice of his need for time off on May 6, May 9, and July 5 according to Matrix's policy, it was incumbent on Matrix to request additional information. *See McLaughlin v. Innovative Logistics Group, Inc.*, No. 05-72305, 2007 U.S. Dist. LEXIS 6363, 2007 WL 313531, at *5 (E.D. Mich. Jan. 30, 2007)("[W]here the employer has prior knowledge of the plaintiff-employee's serious health condition, there is a burden on the employer to inquire further whenever the employee calls in sick for medical reasons to determine if those reasons were FMLA-qualifying.")(citing *Miller v. GB Sales & Service, Inc.*, 275 F. Supp. 2d 823, 829 (E.D. Mich.2003)).

Whether Combs provided sufficient notice is a jury determination.

### 3. Interfered with FMLA

It is undisputed that Matrix fired Combs for taking July 5 off. It is also undisputed that Combs' May 6 and May 9 days off contributed to his termination. If Combs provided notice of related FMLA leave, Matrix interfered with Combs' right by terminating him for taking leave.

Establishment of this element depends on establishment of entitlement to leave and notice. It remains in dispute.

## V. CONCLUSION

Matrix's motion is **DENIED**. There are issues of fact for a jury to decide. This case will proceed to trial on Combs' FMLA interference claim. Among the questions a jury must

8

decide are:

1. Were Combs' May 6, May 9, and July 5 absences related to his earlier FMLA request?

2. Did Combs provide notice for leave on these dates?

3. Did Combs provide notice that the leave was for medical reasons?

**IT IS ORDERED.**

          /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 12, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 12, 2013.

S/Linda Vertriest
Deputy Clerk